IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BH MANAGEMENT,

       Plaintiff,

v.

LINDSEY WALLS,
*and All Other Occupants*,

       Defendant.

CIVIL ACTION NO.
1:18-cv-02876-AT-LTW

## MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Defendant Lindsey Walls ("Defendant"), proceeding pro se, seeks to file this civil action without prepayment of fees and costs or security therefore, pursuant to 28 U.S.C. § 1915(a)(1). (Doc. 1). Defendant's Affidavit of Poverty indicates that Defendant is unable to pay the filing fee or incur the costs of these proceedings. (Id.). Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Defendant's application for leave to proceed *in forma pauperis* is hereby **GRANTED**. (Doc. 1). For the reasons outlined below, however, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Cobb County.

## PROCEDURAL BACKGROUND FACTS

On May 14, 2018, pursuant to Georgia law, Plaintiff BH Management ("Plaintiff") filed a dispossessory proceeding against Defendant in the Magistrate Court of Cobb County, in an attempt to evict Defendant from the property located at 3254

AO 72A
(Rev.8/82)

Mission Ridge Lane, Atlanta, Georgia, 30339 (the "Property"), for failure to pay rent. (Docs. 1-1, p. 3). Plaintiff sought possession of the premises, unpaid rent in the amount of $1,085.00, utilities totaling $65.00, court costs in the amount of $56.50, and $100.00 in late fees. (Id.). Defendant thereafter attempted to remove the action to this Court. (Doc. 1-1). Defendant argues in her removal papers that this Court has federal question jurisdiction over the instant suit. (Doc. 1-1, pp. 1-2).

## LEGAL ANALYSIS

Based on this Court's review of the pleadings, it is clear that removal was improper because the Court lacks subject matter jurisdiction over the instant lawsuit. It is the Court's duty to inquire into its subject matter jurisdiction *sua sponte* whenever it may be lacking. Hernandez v. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). The general removal statute, 28 U.S.C. § 1441, does not provide a basis for removal in this case. Title twenty-eight, Section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil cases that present a federal question or that involve citizens of different states and exceed the $75,000 amount in controversy threshold. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction for citizens of different states). However, "[i]f at any time before final judgment it appears that the

AO 72A
(Rev.8/82)

district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

It is readily apparent to this Court that federal question jurisdiction is not present. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

In this case, Plaintiff relied exclusively on state law when it initiated a dispossessory proceeding in the Magistrate Court of Cobb County to seek possession of Defendant's residence after Defendant failed to pay rent. (Doc. 1-1, p. 3). No federal question is presented on the face of Plaintiff's Complaint. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia lies entirely in the state court system. See O.C.G.A. § 44-7-49, et seq. There is also no evidence that warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine

3

of complete preemption. Caterpillar, 482 U.S. at 393.

Moreover, Defendant's Notice of Removal does not support the existence of diversity jurisdiction. A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the citizenship of the parties is diverse and that the $75,000 amount in controversy jurisdictional threshold is met. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990). Neither Defendant's Petition for Removal nor Plaintiff's Complaint includes any facts showing that the parties are diverse or that the $75,000 jurisdictional threshold is met. Plaintiff is simply seeking $1,085.00 in past due rent, $65.00 in utilities, $156.50 in fees, and repossession of the premises. (Doc. 1-1, p. 3). A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002). Moreover, the value of the property has no bearing on whether the jurisdictional threshold has been met for the purposes of determining the amount in controversy. See Hopson v. Green, No. 1-17-cv-3106, 2017 U.S. Dist. LEXIS 163097 at *4 (N.D. Ga. Oct. 2, 2017) (holding that a defendant seeking to remove a matter may not rely on the value of the property as a whole to satisfy the amount in controversy requirement

because a dispossessory proceeding in Georgia is only a dispute over the limited right to possession, not an ownership dispute over title to the property) (quoting <u>Fed. Home Loan Mortg. Corp. v. Williams</u>, No. 1:07-cv-2864-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008)); <u>see also</u> <u>Steed v. Fed. Nat'l Mortg. Corp.</u>, 301 Ga. App. 801, 805 (Ga. Ct. App. 2009). Because Defendant has not established a basis for removal jurisdiction, the undersigned **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Cobb County.

## CONCLUSION

Based on the foregoing reasons, Defendant's motion to proceed *in forma pauperis* is **GRANTED**. (Doc. 1). Additionally, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Cobb County. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED**, this 25 day of June, 2018.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE